## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                                    )
ERIC WICKBERG, on behalf of himself    )
and and all others similarly situated,       )
                                                    )
                    Plaintiff,                      )
                                                    )
          v.                                        )          Civ. A. No.18-12094
                                                    )
LYFT, INC.                                        )
                                                    )
                    Defendant                    )
                                                    )
_____ )

## CLASS ACTION COMPLAINT

### I.    INTRODUCTION

1.    This case is brought on behalf of individuals who have worked as Lyft drivers in Massachusetts.  Lyft, Inc. ("Lyft"), is a car service which engages drivers across the state of Massachusetts to transports riders.

2.    As described further below, Lyft has misclassified its drivers, including Plaintiff Eric Wickberg, in violation of Mass. Gen. L. c. 149 § 148B.  As a result of this misclassification, the drivers have had to bear expenses that should be borne by the employer.  For example, drivers have had to pay expenses to own or lease a vehicle and maintain and fuel it, as well as phone/data expenses. Lyft has also failed to ensure that its drivers are paid at least the full minimum wage in violation of Mass. Gen. L. c. 151 §§ 1, 7.  Finally Lyft has also failed to pay its drivers the overtime premium for all hours worked beyond 40 per week in violation of Mass. Gen. L. c. 151 § 1A.

3.      Plaintiff brings this action on his own behalf, and on behalf of all Lyft

drivers who have worked in Massachusetts, for violation of the Independent Contractor

Law, Mass. Gen. L. c. 149 § 148B, the Wage Act, Mass. Gen. L. c. 149 § 148, the

Minimum Wage Law, Mass. Gen. L. c. 151 §§ 1, 7, and Overtime Law, Mass. Gen. L. c.

151 § 1A.

## II.      PARTIES

4.      Plaintiff Eric Wickberg is an adult resident of Stoughton, Massachusetts.

He has worked as a Lyft driver in Massachusetts since approximately September 2017.

Mr. Wickberg "opted out" of Lyft's arbitration clause.  He thus asserts that he can

represent a class of Lyft drivers in court (regardless of whether they have individually

"opted out" of Lyft's arbitration clause).

5.      Plaintiff brings this action on his own behalf and on behalf of all others

similarly situated, namely all other individuals who have worked as Lyft drivers in

Massachusetts.

6.      Defendant Lyft, Inc. ("Lyft") is headquartered in San Francisco, California.

## III.     JURSIDICTION

7.      The Court has personal jurisdiction over the Plaintiff and the class he

seeks to represent because they are citizens of the Commonwealth of Massachusetts

and work in the Commonwealth of Massachusetts.

8.      The Court has personal jurisdiction over Defendant Lyft because it does

business in the Commonwealth of Massachusetts and its conduct in the Commonwealth

of Massachusetts underlies all claims in this suit.

9.      This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since Defendant is a California citizen and members of the plaintiff class reside primarily in Massachusetts; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

## IV.    STATEMENT OF FACTS

10.     Lyft is a San Francisco-based transportation service, which engages drivers across the state of California to transport riders.

11.     Lyft offers customers the ability to order rides via a mobile phone application, which its drivers then carry out.

12.     Plaintiff Eric Wickberg has driven for Lyft at various times, including over the last year, and continues to drive for Lyft.

13.     Lyft classifies its drivers like Mr. Wickberg as "independent contractors," but under Massachusetts law they should be classified as employees.

14.     Drivers provide a service in the usual course of Lyft's business because Lyft is a car service that provides transportation to its customers, and drivers such as Mr. Wickberg perform that transportation service.  Lyft holds itself out as a transportation service and it generates revenue primarily from customers paying for the very rides that its drivers perform.  Without drivers to perform rides, Lyft would not exist.

15.     Lyft also requires its drivers to abide by a litany of policies and rules designed to control the drivers' work performance.  Lyft both retains the right to, and does in fact exercise, control over the drivers' work.

16.     Lyft drivers are not typically engaged in their own transportation business. When driving Lyft customers, they wear the "hat" of Lyft.

17.     Lyft communicates directly with customers and follows up with drivers if the customer complains that the ride failed to meet their expectations.  Based on any customer feedback, Lyft may suspend or terminate drivers at its sole discretion.

18.     Lyft does not reimburse drivers for any expenses they may incur while working for Lyft, including, but not limited to the cost of owning or leasing and maintaining their vehicles, gas, insurance, and phone and data expenses for running the Lyft Application.  Drivers incur these costs as a necessary expenditure to work for Lyft.

19.     Based on their misclassification as independent contractors, Lyft drivers are not guaranteed to receive at least minimum wage for all hours they work, nor do they receive time-and-a-half overtime premiums for hours they work beyond 40 per week.  Mr. Wickberg, like other Lyft drivers across Massachusetts, has not received minimum wage for all hours he has worked (particularly when taking into account the expenses he has been required to bear, in order to drive for Lyft), nor has he received overtime premiums for weeks in which he has worked more than 40 hours.

### V.     <u>CLASS ALLEGATIONS</u>

20.     Plaintiff brings this action individually and on behalf of a class of individuals similarly situated pursuant to Fed. R. Civ. P. 23.

21.     The class of individuals similarly situated are all individuals like Plaintiffs who have performed or currently perform transportation services for Lyft as drivers within the Commonwealth of Massachusetts.

22.     The Class meets all prerequisites of Rule 23 of the Federal Rules of Civil Procedure.  Thousands of drivers have given rides to Lyft's customers in Massachusetts during the applicable statutory period.

23.     Plaintiff's claims related to their misclassification are not only typical of the claims of the putative class members, they are identical.

24.     Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

25.     Common issues, such as whether Lyft's policy of classifying drivers as independent contractors violates the Massachusetts Wage Act, predominate over any individualized issues.

26.     A class action is the superior method of trying these claims.  The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein.  Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.''

## COUNT I
## Mass. Gen. L. c. 149 § 148B
## (Misclassification as Independent Contractors)

As set forth above, Lyft has misclassified its drivers in Massachusetts as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B.  As a result of this misclassification, drivers have improperly been required to bear the expenses of their employment (such as expenses for owning or leasing their vehicles, maintenance, insurance, gas, phones and data), in violation of Mass. Gen. L. c. 149 §§ 148 and 148B. This claim is brought pursuant to M.G.L. c. 149 § 150.

## COUNT II
## Mass. Gen. L. c. 151 §§ 1, 7
## (Minimum Wage)

As set forth above, Lyft has violated the Massachusetts Minimum Wage Law by failing to ensure that its drivers are paid at least the full state minimum wage.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

## COUNT III
## Mass. Gen. L. c. 151 § 1A
## (Overtime)

As set forth above, Lyft has failed to ensure that its drivers are paid the overtime premium for hours worked beyond 40 in a week.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

WHEREFORE, Plaintiff respectfully requests this Court to:

A.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23;

B.      Issue a declaratory judgment that Lyft drivers in Massachusetts are

        employees, not independent contractors;

C.      Issue a public injunction ordering Lyft to comply with the law in

        Massachusetts;

D.      Award damages for all wages or other forms of restitution that are due to

        the drivers because of their misclassification as independent contractors;

E.      Award treble damages;

F.      Award attorneys' fees and costs; and

G.      Award any other relief to which the drivers may be entitled.


                                Respectfully submitted,
                                ERIC WICKBERG, individually and on behalf
                                of others similarly situated,

                                By his attorneys,


                                 /s/ Shannon Liss-Riordan_____

                                Shannon Liss-Riordan, BBO #640716
                                Adelaide Pagano, BBO #690518
                                Anne Kramer, BBO #697435
                                LICHTEN & LISS-RIORDAN, P.C.
                                729 Boylston Street, Suite 2000
                                Boston, MA 02116
                                (617) 994-5800
                                (617) 994-5801 (fax)
                                Email: sliss@llrlaw.com; apagano@llrlaw.com,
                                akramer@llrlaw.com


Dated:          October 5, 2018