UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC WICKBERG, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>LYFT, INC.<br><br>　　　　　　　　　Defendant | Civ. A. No.1:18-12094-RGS |

**PLAINTIFF'S MOTION TO DISMISS**[1]

On December 19, 2018, the Court granted Defendant Lyft's motion to compel arbitration of Plaintiff's wage claims, holding that: (1) the "clickwrap" arbitration agreement executed by Lyft was sufficiently conspicuous and enforceable, see id. at 6; (2) Plaintiff manifested assent and accepted the agreement by clicking a checkbox, see id. at 8-9; and (3) Plaintiff failed to validly opt out of the arbitration provision of the agreement. Id. at 10. Accordingly, the Court ordered that the agreement to arbitrate be enforced and that the "Clerk [] stay the case pending arbitration." Id. at 11.

Because the Court opted to stay the case, Plaintiff is presently unable to appeal the Court's decision to compel arbitration. See Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 87 & n. 2 (2000). Therefore, Plaintiff now respectfully requests that the Court exercise its discretion to dismiss this action so that Plaintiff can seek

---

[1] Pursuant to Local Rule 7.1(a)(2), Plaintiffs attempted to confer with Defendant regarding this Motion but have not heard back as of the time of filing.

1

immediate review of the Court's decision regarding contract formation and Plaintiff Wickberg's opt-out.[2]

Dismissing this action is clearly within the discretion of this Court. The First Circuit has consistently held that, "[w]here one side is entitled to arbitration of a claim brought in court . . . a district court can, in its discretion, choose to dismiss the law suit, if *all* claims asserted in the case are found arbitrable." Next Step Medical Co., Inc. v. Johnson & Johnson Intern, 619 F.3d 67, 71 (1st Cir. 2010). Specifically, the district court may choose to dismiss an action, rather than stay proceedings, so that the mandate to arbitrate may be appealed. See Bekele v. Lyft, Inc., 199 F.Supp.3d 284, 313 (D. Mass. 2016) (dismissing with "recognition that as a collateral aspect of that disposition, [the] decision is immediately appealable *to permit plaintiffs a timely opportunity to challenge it.*") (quoting Cullinane v. Uber Technologies, Inc, Civ. Action NO. 14-14750-DPW, 2016 WL 3751652, at *10, (D. Mass. 2018), rev'd on other grounds, Cullinane v. Uber Technologies, Inc., 893 F.3d 53 (1st Cir. 2018)) (emphasis added); see also Braintree Laboratories, Inc. v. Citigroup Global Markets, 622 F.3d 36, 43 (1st Cir. 2010) (explaining that the FAA's prohibition on immediate appeal of pre-arbitration interlocutory orders does not apply to final orders that compel arbitration and dismiss the action in favor of arbitration).

Under this line of authority, courts regularly dismiss rather than stay actions when claims are compelled to arbitration, allowing the order compelling arbitration to be timely

---

[2] On appeal, Plaintiff wishes to seek reconsideration of the Court's ruling that a valid agreement to arbitrate was formed by arguing that the agreement was not reasonably communicated and conspicuous, see Applebaum v. Lyft, Inc., 263 F. Supp. 3d 454 (S.D.N.Y. 2017), and Talbot v. Lyft, Inc., No. 18-566392 (Cal. Sup. Ct. Oct. 19, 2018), and that Plaintiff never assented to the agreement, and even if he had, he subsequently opted out. See Dkt 19.

appealed. E.g., Dialysis Access Center, LLC v. RMS Lifeline, Inc., 638 F.3d 367, 372-73 (1st Cir. 2011) (affirming that district court's order to arbitrate, paired with dismissal, was appealable); Bekele, 199 F.Supp.3d at 313 (dismissing action upon order to compel arbitration and recognizing order could be appealed); World Gym, Inc. v. Pla-Fit Franchise, LLC, Civ. No. 12-11620-DJC, 2013 WL 3830164, at *6 (D. Mass. July 19, 2013) (dismissing action upon order to appeal).  Indeed, district courts in the First Circuit have treated dismissal as a foregone conclusion when all claims are found arbitrable. See Colón v. AT & T mobility Puerto Rico, Inc., 261 F.Supp.3d 251, 257 (D. Puerto Rico Aug. 21, 2017); Hargen-Rodriguez v. UBS Trust Company of Puerto Rico, Civ. No. 16-2340 (FAB), 2017 WL 2937592, at *4 (D. Puerto Rico July 7, 2017) (same); Francisco J. Ortiz & Co. v. Masco Corp. of Indiana, 147 F. Supp. 3d 1, 4 (D. Puerto Rico 2015) (same); Con-Tech Systems, Ltd. V. Vermont Lumber & Stone Works, Inc, Civ. No. 12-40107-TSH, 2013 WL 5514281, at *8 (D. Mass ("[g]iven that the arbitration award shall be final and binding upon the parties, there is no good reason to stay the proceedings in this Court pending the arbitrator's decision").

  Here, the Court has rejected Plaintiff's arguments that the arbitration clause is unenforceable.  If Plaintiff is compelled to arbitration and proceedings are stayed in the interim, then Plaintiff will be deprived of the opportunity to immediately appeal the Court's decision regarding the validity of Lyft's "clickwrap" agreement -- a deprivation that is particularly troubling given the quickly developing case law regarding enforceability of online agreements. See Dkt. 20 at 6-7, n. 3.  The recent reversal and clarification of Massachusetts law regarding online agreements in the Cullinane decision illustrates this point. 893 F.3d 53.  Although Plaintiff recognizes that the Court disagrees with his argument, two other courts have expressly disagreed with this Court's

3

conclusion when considering the same or similar agreements utilized by Defendant Lyft. See supra note 2 and Dkt. 20 at 5, n. 2. Thus, this case presents important and close questions that would benefit from immediate appellate review.

Indeed, when faced with an identical procedural posture, Judge Saylor opted to dismiss the claims of another Lyft driver in favor of arbitration, and that driver's appeal of the order compelling arbitration is currently pending at the First Circuit. Bekele, 199 F.Supp.3d at 313. This case presents a distinct factual scenario from Bekele which Plaintiff submits has even stronger facts supporting his argument that no valid agreement to arbitrate was formed. Thus, the issue presented here may not be resolved by the pending Bekele appeal.[3] Further, should Plaintiff be required to arbitrate before being allowed to pursue his appeal in this case, he will not only suffer a lengthy delay before being able to appeal, but he will be forced into a forum to which he objects and (if his appeal is successful) he should not be required to submit to. Indeed, if Plaintiff attempts to appeal the order compelling arbitration after he has undergone an arbitration, Lyft may at that point argue that his appeal is moot, since his claim will have already been adjudicated in arbitration.

Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's motion to dismiss this case, rather than staying it pending arbitration, so that he may pursue an immediate appeal.

---

[3]  In Bekele, the contract terms appeared on Plaintiff's screen in a scrollable format with a button labeled "I accept." Bekele, 199 F. Supp. 3d at 289. Here, by contrast, no contract terms were ever displayed to Plaintiff Wickberg. Instead, he had to follow an obscure hyperlink to view the contract terms, and Plaintiff has argued that the contextual layout of the screen rendered the presentation and nature of the hyperlink particularly obscure.

Respectfully submitted,

ERIC WICKBERG, individually and on behalf of others similarly situated,

By his attorneys,

_s/ Shannon Liss-Riordan_

Shannon Liss-Riordan, BBO #640716
Adelaide Pagano, BBO #690518
Anne Kramer, BBO #697435
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
(617) 994-5801 (fax)
Email: sliss@llrlaw.com; apagano@llrlaw.com, akramer@llrlaw.com

Dated:       January 3, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2019, a copy of this document was served on all counsel of record via the CM/ECF system.

_s/ Shannon Liss-Riordan_

Shannon Liss-Riordan, Esq.