UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC WICKBERG, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>LYFT, INC.,<br>                Defendant. | C.A. No. 1:18-cv-12094-RGS |

**DEFENDANT LYFT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

Lyft, Inc. ("Lyft") opposes the motion to dismiss of the plaintiff Eric Wickberg ("Wickberg") and respectfully requests that this Court maintain the stay issued in the Court's December 19, 2018 Memorandum and Order on Defendant's Motion to Compel Arbitration [ECF Doc. 20] (the "Order"). Wickberg asks that the Court "exercise its discretion to dismiss this action" (Motion to Dismiss [ECF Doc. 21] ("Mot.") at 1). But this Court *already* exercised its discretion and appropriately stayed the case rather than dismissing it. Dismissing the case now to permit an immediate appeal will prolong federal court litigation, thwart judicial efficiency, and contravene the public policy favoring arbitration. Lyft urges the Court to reject Wickberg's request.

**Background**

Wickberg, a driver on the Lyft platform, brought this putative class action, alleging that Lyft misclassified him and other Massachusetts drivers as independent contractors. On November 30, 2018, Lyft filed a Motion to Compel Arbitration and Stay Proceedings Pending Arbitration or, in the alternative, to Strike Class Allegations [ECF Docs. 14-18] (the "Motion to

Compel and Stay"). Wickberg filed an opposition to that motion. On December 19, 2018, the Court granted Lyft's Motion to Compel and Stay.

On January 3, 2019, Wickberg filed a motion to dismiss, requesting that the Court "dismiss this case, rather than staying it pending arbitration, so that he may pursue an immediate appeal." Mot. at 4. This Court should deny that request.

## Argument

I. **The Court exercised its discretion to stay the case.**

This Court granted Lyft's Motion to Compel and Stay, and ordered that the Clerk "stay the case pending arbitration." Order at 11. While Wickberg correctly notes that it is within the Court's discretion whether to stay or dismiss an action when all claims are arbitrable (*see* Mot. at 2), this Court has, in fact, exercised that discretion. Order at 11. Nowhere in Wickberg's opposition to Lyft's Motion to Compel and Stay did he argue that the Court should *dismiss* the complaint rather than *stay* the proceedings. *See generally* Pl.'s Opp'n [ECF Doc. 19]. Now that the Court has stayed the case, Wickberg requests that the Court reconsider and reverse its Order to stay. The Court should not modify its Order to stay.

The Court's decision to stay the case pending arbitration was correct. *See* 9 U.S.C. § 3 (providing that a court "shall" stay proceedings when the claims are subject to arbitration). Even when presented with a request by either party to dismiss a case after compelling arbitration, the Court may elect instead to stay the matter. *See, e.g., United States v. Cyberonics, Inc.*, 146 F. Supp. 3d 337, 351 (D. Mass. 2015) (determining a stay would be more appropriate than dismissal notwithstanding that all claims were subject to arbitration and party requested dismissal); *Karp v. CIGNA Healthcare, Inc.*, 882 F. Supp. 2d 199, 215 (D. Mass. 2012) (determining a stay was "the prudent course of action" despite party urging court to dismiss when all claims were subject to arbitration). Dismissal is absolutely not "a foregone conclusion,"

2

as Wickberg contends. *See* Mot. at 3. The Court appropriately exercised its discretion in staying the case.

II.     **Public policy favoring arbitration supports timely and efficient arbitration rather than a lengthy interlocutory appeal.**

The strong public policy in favor of arbitration is well-settled. *See, e.g., Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530 (2012); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Cullinane v. Uber Techs., Inc.*, 893 F.3d 53, 60 (1st Cir. 2018); *KKW Enters., Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp.*, 184 F.3d 42, 49 (1st Cir. 1999). In furtherance of that policy favoring arbitration, the Federal Arbitration Act ("FAA") prohibits an interlocutory appeal of a court order staying proceedings pending arbitration. 9 U.S.C. § 16(b)(1) ("an appeal may not be taken from an interlocutory order . . . granting a stay of any action"); *see Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 85-86 (2000) (recognizing "FAA's policy favoring arbitration agreements and its goal of moving the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible," and observing that "in accordance with that purpose" the FAA "bars appeal of interlocutory orders favorable to arbitration" (internal citations omitted)). To grant Wickberg's motion to dismiss in these circumstances would be inconsistent with the FAA's prohibition on interlocutory appeals and the preference for moving a case quickly to arbitration.

Allowing Wickberg to avoid arbitration and appeal this Court's decision immediately would interrupt the adjudication of his claims and delay the speedy resolution otherwise offered by arbitration. For example, in *Bekele*,[1] the Court compelled arbitration in August 2016, and the plaintiff appealed to the First Circuit. Then, the appeal was stayed from March 16, 2017 to July

---

[1] *Bekele v. Lyft, Inc.*, 199 F. Supp. 3d 284 (D. Mass. 2016).

3

24, 2018, while the parties awaited the U.S. Supreme Court's decision in *Epic Systems*,[2] and the First Circuit still has yet to hold oral argument on the *Bekele* appeal (argument currently is scheduled for February 6, 2019). Nearly two-and-one-half years after the August 2016 decision in *Bekele*, that case lingers and the arbitration has yet to begin.

Here, in May 2018, counsel for Wickberg filed "a number of arbitration demands against Lyft" alleging the same claims asserted here, including an arbitration complaint by Wickberg at the American Arbitration Association in Boston (which Wickberg's counsel later withdrew). Pl.'s Opp'n at 12-13, n. 8-9; Declaration of Jennifer Lieu [ECF Doc. 18] at ¶ 14. This case can and should proceed to arbitration, and the federal court case should be stayed pending arbitration. *See Cyberonics*, 146 F. Supp. 3d at 351 (ordering stay and declining to dismiss case where dismissal "is unnecessary and less efficient"). A stay—rather than dismissal—would permit the efficient and expeditious resolution of this dispute.

**III.   The Court should not dismiss this case to enable an immediate appeal to the First Circuit because the case law about online arbitration agreements is well-developed.**

Wickberg argues that the Court should allow him to immediately appeal its decision "given the quickly developing case law regarding enforceability of online agreements." Mot. at 3. But the law in this jurisdiction regarding online clickwrap agreements, like the one the Court enforced here, is established.

The First Circuit Court of Appeals directly addressed online arbitration agreements in *Cullinane v. Uber Techs., Inc.*, 893 F.3d 53, 61-64 (1st Cir. 2018). Wickberg relied extensively on *Cullinane*, and this Court had the benefit of and relied on that decision in granting Lyft's Motion to Compel and Stay. *See* Order at 4, 5, 6, 7, 8. Moreover, as this Court correctly recognized in its Order, "Lyft's display of the arbitration agreement conforms to what the First

---

[2] *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018).

#62695673_v6

Circuit held [in *Cullinane*] would be a conspicuous and enforceable agreement." Order at 6 (citing *Cullinane*, 893 F.3d at 62). The law is not "quickly developing" as Wickberg contends, and that assertion is certainly not a basis for modifying the Court's stay.

Wickberg relies on the Court's dismissal in *Bekele* to support dismissal here, but *Bekele* presented entirely different considerations than are present here. When the Court granted Lyft's motion to compel arbitration and dismissed the complaint in *Bekele* in August 2016, there was a circuit split on the question of whether class-action waivers were enforceable—a split that was later resolved by the Supreme Court's decision in *Epic Systems* in May 2018. *Epic Sys.*, 138 S. Ct. at 1621; *Bekele*, 199 F. Supp. 3d at 303-13 (addressing circuit split on issue of class-action waiver). Dismissal was appropriate in *Bekele* so that issue could be addressed on appeal. *Bekele*, 199 F. Supp. 3d at 313. Now, following the Supreme Court's decision in *Epic Systems*, an immediate appeal is unnecessary and inefficient. Therefore, Lyft requests that the Court not modify the stay.

## IV.     If the Court allows Wickberg's motion, the complaint should be dismissed with prejudice.

Wickberg's motion to dismiss is silent on whether he seeks dismissal with or without prejudice. Lyft requests that if the Court allows Wickberg's motion, it dismiss his lawsuit with prejudice.

## Conclusion

For all of the above reasons, Lyft respectfully requests that the Court deny Wickberg's motion to dismiss and affirm its Order staying the case pending arbitration.

#62695673_v6

Respectfully submitted,

LYFT, INC.

By its attorneys,

*/s/ James D. Smeallie*
James D. Smeallie (BBO No. 467380)
*jd.smeallie@hklaw.com*
David J. Santeusanio (BBO No. 641270)
*david.santeusanio@hklaw.com*
Andrew E. Silvia (BBO No. 681922)
*andrew.silvia@hklaw.com*
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850

R. James Slaughter (*Pro Hac Vice*)
*rslaughter@keker.com*
Erin E. Meyer (BBO No. 677869)
*emeyer@keker.com*
KEKER VAN NEST & PETERS, LLP
633 Battery Street
San Francisco, CA 94111
Tel: (415) 391-5400

*Attorneys for Defendant Lyft, Inc.*

Dated: January 11, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the attorney of record for any party indicated as non-registered participants on this 11th day of January, 2019.

*/s/ James D. Smeallie*
James D. Smeallie